**Jesse Joe CRESPIN, Petitioner–Appellant,**

v.

**Brian HAWES, Warden, Respondent–Apellee.**

**No. 08–55556.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2010.

Filed March 1, 2010.

Robin J. Yanes, Esquire, Robin J. Yanes Law Offices, Los Angeles, CA, for Petitioner–Appellant.

\* The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jeffrey J. Koch, Esquire, Supervising Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Apellee.

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL, District Judge.\*

## MEMORANDUM \*\*

Petitioner–Appellant Jesse Joe Crespin, a state prisoner, appeals the district court's denial of his habeas petition, which raised a single claim under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

During voir dire in Crespin's retrial, the prosecutor used a peremptory challenge to strike prospective juror Obregon, a Hispanic female. Crespin's counsel objected under *People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978)[1], contending that the prosecutor had excused Obregon because of her race. The prosecutor stated that she had excused Obregon because Obregon had indicated on her juror questionnaire that her nephew had been arrested for or charged with armed robbery.

The trial court denied Crespin's *Wheeler* motion. The trial court's determination as to whether the prosecutor's explanation for dismissing a member of the venire is credible must be accorded substantial defer-

1. *Wheeler* is the California state law equivalent of *Batson.*

ence. *Rice v. Collins,* 546 U.S. 333, 338–39, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006). As long as the prosecutor presents a "comprehensible reason" and her motive is not inherently discriminatory, her explanation need not be "persuasive, or even plausible" to suffice. *Id.* at 338, 126 S.Ct. 969. The state appellate court based its decision on the trial court's factual finding that the prosecutor was motivated by her belief that Obregon would be sympathetic to Crespin because she had a nephew who likely was approximately the same age as Crespin who had been arrested for or charged with armed robbery. That decision was neither contrary to nor an unreasonable application of federal law.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.